### H. E. Parker, Jr., v. Supreme Lodge Knights of Pythias, etc.

#### Gen. No. 4,332.

1.  CROSS-ERRORS—*when, essential.*   Notwithstanding the appellant, who by his bill has questioned the amount of his recovery, did not make out a *prima facie* case entitling him to recover anything, yet a reversal will not be awarded where the appellee has assigned no cross-errors.

Action of assumpsit.   Error to the Circuit Court of Knox County; the Hon. JOHN A. GRAY, Judge, presiding.   Heard in this court at the April term, 1904.   Affirmed.   Opinion filed August 24, 1904.

M. J. DAUGHERTY, for plaintiff in error.

CARLOS S. HARDY, for defendant in error.

MR. JUSTICE VICKERS delivered the opinion of the court.

This writ of error is sued out to reverse a judgment in favor of the plaintiff in error for $200 on the ground that the judgment should have been for a larger amount.

Defendant in error is a fraternal organization, having a department known as the Endowment Rank which pays a death benefit to its members.   Plaintiff in error was employed for the year 1899 to represent the order in the State of Missouri, which he did in a manner apparently satisfactory to the board of control, and with profit to himself. The business for 1899 was closed up, and is not in contro-

versy in this suit. Plaintiff in error sought to have his contract renewed for the year 1900, and claims that such a renewal was made. Plaintiff in error did not work for defendant in error for the year 1900 in Missouri or elsewhere, but assuming he had a valid contract under which he was ready and willing to work for the year 1900, as he had done the year before, and that he was prevented from doing so by the defendant in error having assigned the territory of Missouri to another agent, he brings this suit to recover his damages for the breach of the contract. He recovered $200 in the court below and being dissatisfied with the amount he brings the record here and assigns errors on the rulings of the court below in the giving of instructions and the admission of the evidence.

The alleged contract on which the suit was based was made, if at all, by correspondence. We have carefully read the letters that were introduced in evidence for the purpose of proving the making of the contract and we have no doubt they wholly fail to prove any contract whatever for the year 1900. Were there cross-errors assigned we would be compelled to reverse the judgment for a failure of plaintiff in error to make out a case entitling him to recover anything; but there are no cross-errors, the defendant in error, we presume, preferring to pay $200 rather than litigate the claim further.

. While there may be grounds for objection to some of the rulings of the trial court, we are of the opinion that any error that may have been committed did not harm the plaintiff in error, since on the merits he was not entitled to recover anything.

Judgment affirmed.    *Affirmed.*